

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 11-000127 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LESLIE W. HARDWICK, JR. | MAG. JUDGE KAREN L. HAYES |

**WRITTEN REASONS FOR THE COURT'S RULING ON DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE REPORT AND THE SENTENCE IMPOSED UNDER 18 U.S.C. § 3553(a)**

On July 25, 2011, Defendant Leslie W. Hardwick, Jr. ("Hardwick") pled guilty before Magistrate Judge Karen L. Hayes to two misdemeanor counts. Count 1 charged Hardwick with illegal use of restricted pesticides, a violation of 7 U.S.C. §§ 136*j*(a)(2)(G) and 136*l*(b)(1)(B). Count 2 charged him with the unlawful taking of migratory game in violation of 16 U.S.C. §§ 703 and 707(a). Specifically, Hardwick admitted that he applied a pesticide known as Temik to deer carcasses in an attempt to kill coyotes which had been attacking the deer on his employer's property. Unfortunately, Hardwick's use of Temik in this manner also resulted in the taking of one hawk, one owl, and two sparrows, all protected by federal statute. At Hardwick's request, sentencing was set before this Court for November 7, 2011.

Prior to the hearing, the Probation Officer prepared the Pre-Sentence Report, determining that Hardwick had a total offense level of 13 and a criminal history category of I. On Count 1, under the Guidelines, Hardwick's range of imprisonment would normally be 12-18 months, but Count 1 was a Class A misdemeanor offense, the maximum term of imprisonment by statute, 7 U.S.C. § 136*l*(b)(1)(B) is 12 months. However, because Hardwick's range falls in Zone C of the

Sentencing Table, the Guidelines recommends two options:

(1) a sentence of imprisonment or

(2) a split sentence--a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention provided that at least one-half of the minimum term is satisfied.

U.S.S.G. § 5C1.1(d). By statute, the Court was permitted to order any term of imprisonment up to 12 months or a term of probation of not more than 5 years. 18 U.S.C. §3561(c)(2). The Guidelines do not recommend probation.

With regard to Count 2, which is a Class B misdemeanor, the Guidelines do not apply. The Court is permitted to impose any sentence authorized by statute, a term of imprisonment up to six months or a term of probation up to 5 years. The Guidelines instruct that the Court may order any sentence imposed on Count 2 to run concurrently or consecutively, although the Guidelines advise the Court to consider the relationship between the two counts. U.S.S.G. §1B1.9.

Hardwick raised objections to the Pre-Sentence Report. Hardwick also filed a Sentencing Memorandum in which he argued that, under those factors set forth in 18 U.S.C. § 3553(a), the Court should sentence him below the recommended Guideline sentence to a term of probation. [Doc. No. 9]. The Government responded to Hardwick's objections, supporting the Probation Officer's calculation of the total offense level, and also filed a Sentencing Memorandum, contending that the Court should sentence Hardwick within the Guideline range of imprisonment and should fine him at the higher end of the recommended range. [Doc. No. 10]. Hardwick filed a reply memorandum. [Doc. No. 11].

At the sentencing hearing, the Court denied Hardwick's objections, finding that the Probation Officer had correctly applied the Guidelines and correctly calculated the total offense level. Prior to imposing sentence, the Court considered the recommended Guideline range of imprisonment and those factors under 18 U.S.C. § 3553(a). The Court then imposed a sentence below the recommended Guideline range on Count 1.

The Court now issues these Written Reasons to address its ruling on Hardwick's objections to the Pre-Sentence Report and its imposition of sentence below the recommended Guideline range.

I. **Hardwick's Objections to the Pre-Sentence Report**

A. **Objection #1**

Hardwick objected to Paragraph 24 in which a 4-point enhancement is made under § 2Q1.2(b)(1)(B) for an offense involving a discharge, release, or emission of a hazardous or toxic substance or pesticide. Hardwick contended that this is doublecounting because he has pled guilty to Count 1, which charged him with knowingly using "a restricted-use pesticide . . . in a manner inconsistent with its labeling."

Under U.S.S.G. § 2Q1.2, a defendant is assigned a base offense level of eight for all cases of mishandled pesticides, including recordkeeping violations. The enhancement under § 2Q1.2(b)(1)(B) applies to the actual discharge, release, or emission of a toxic or hazardous substance or pesticide. In this case, Hardwick admitted that he distributed the pesticide at two different properties and more than once at Bosco Lodge. It is undisputed that the pesticide, Temik, is hazardous and potentially toxic to humans and animals.

No revision to the Pre-Sentence Report was warranted, and Hardwick's Objection #1 was

DENIED.

### B. Objection #2

Hardwick objects to Paragraph 26 in which it is stated that over 50 dead animals were found because 90% of the animals were scavenger species not protected under federal law. If Objection #1 was not granted, Hardwick argued that because he was merely carrying out his job and was actually trying to protect deer to whom coyotes posed a clear and present danger, the Court should consider a 2-point reduction under U.S.S.G. § 2Q1.2(b)(1)(B).

Note 5 to this Guideline section provides:

> Subsection (b)(1) assumes a discharge or emission into the environment resulting in actual environmental contamination. A wide range of conduct, involving the handling of different quantities of materials with widely differing propensities, potentially is covered. Depending upon the harm resulting from the emission, release or discharge, the quantity and nature of the substance or pollutant, the duration of the offense and the risk associated with the violation, a departure of up to two levels in either direction from the offense levels prescribed in these specific offense characteristics may be appropriate.

While no humans were harmed, there were a number of animals killed, and Hardwick did distribute the pesticide on multiple occasions. Under these circumstances, the Court found that the Probation Officer had appropriately calculated the Guidelines, and no revision to the Pre-Sentence Report was warranted. Hardwick's Objection #2 was DENIED.

### C. Objection #3

Hardwick next objected to the 4-level enhancement under U.S.S.G. § 2Q1.2(b)(4) for the "transportation, treatment, storage, or disposal [of the pesticide] without a permit or in violation of a permit." He contends that there is no evidence that he knew it was illegal to store the pesticide without a permit.

4

As pointed out by the Probation Office and the Government, Temik is a restricted use pesticide requiring certified applicators. Hardwick did not complete the necessary training or obtain the certification. By his own admission, Hardwick obtained the pesticide from a farmer approximately 12 years ago and stored it from that time without a permit.

No revision to the Pre-Sentence Report was warranted. Hardwick's Objection #3 was also DENIED.

### D. Objection #4

Hardwick objected to paragraph 29, which states that he did not have a license to possess or distribute Temik. He contends that there was no harm in his possession of the pesticide for 12 years, other than to himself, and his purpose was only to protect the deer from coyotes. He again argues that the Court should give him a two-level reduction.

For the reasons previously discussed, the Court found no revision to the Pre-Sentence Report was warranted, and Hardwick's Objection #4 was DENIED.

### E. Objections #5, 6, 7, 8, 9, 10, & 11

Based on his other objections, Hardwick contended that the Guidelines were improperly calculated. Given the Court's denial of Hardwick's other objections, Objections #5, 6, 7, 8, 9, 10, and 11 were also DENIED.

## II. Sentence Below the Recommended Guideline Range on Count 1[1]

Prior to imposing sentence, the Court considered whether the recommended Guideline

---

[1] As noted previously, the Guidelines do not apply to Count 2, so the Court's imposition of a sentence of probation is below the recommended Guideline range only with regard to Count 1.

5

range of imprisonment reasonably addressed Hardwick's criminal conduct and adequately reflected (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) pertinent sentencing commission policy statements; (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (5) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The Court found that a term of imprisonment was a greater penalty than necessary to address Hardwick's criminal conduct and the considerations under § 3553(a). Particularly, the Court found that a deviation from the Guidelines was justified by Hardwick's lack of criminal history, his history of responsibility to his family and to the community, and the limited damages caused by Hardwick's actions.

As set forth in Hardwick's sentencing memorandum, he has no prior criminal history, history of violence, or involvement with the law in any way. When questioned by investigators, Hardwick acknowledged his actions and immediately took responsibility by pleading guilty. While he admits his guilt, Hardwick also expressed that he had no intent to violate the law. The Court found that a term of imprisonment was not necessary to deter future crimes by a 48-year-old defendant who has led an otherwise law-abiding life.

Additionally, Hardwick provided letters from his family, friends, and employers attesting

to his good character, work ethic, and his position as caregiver for his mother and caregiver and sole provider for his wife, daughter, and two grandchildren. Notably, Hardwick dropped out of school in the ninth grade, so that he could work to help support his family, and he has worked continuously since that time.

Finally, the Court has not discounted the seriousness of an offense involving the misuse of a pesticide. Hardwick admitted that he possessed the pesticide, a dangerous poison which can be fatal to humans, for approximately twelve years. In the manner Hardwick used the pesticide, it certainly posed a clear and present danger to wildlife and in fact resulted in the death of approximately fifty animals. However, Hardwick's employer had the bayou that flows through the property tested, and there was no contamination. There is no evidence that humans were endangered, much less harmed, other than the danger to Hardwick himself when he used the pesticide. Of the animals killed, only four were protected by federal statute.

Based on all the considerations presented, the Court found that a sentence of 3 years of probation on Counts 1 and 2, to run concurrently, with the special condition of 6 months of home confinement with location monitoring was appropriate. With the additional requirement that Hardwick pay a fine of $5,000.00 immediately, the Court finds that it has addressed the real conduct of Hardwick that underlay his crime, provided an appropriate sentence, and achieved the goals of § 3553(a).

MONROE, LOUISIANA, this ___9___ day of __November__, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE